## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**PHILLIP WILLIAMS,** *individually and on*                                          **PLAINTIFF**
*behalf of the wrongful death beneficiaries of*
*Arabella Elvalouisa Williams*

**V.**                                                          **CAUSE NO. 3:22-CV-360-CWR-LGI**

**VICKSBURG HEALTHCARE, LLC,** *doing*                              **DEFENDANT**
*business as* **Merit Health River Region**

*and*

**VICKSBURG HEALTHCARE, LLC,** *doing*                    **THIRD-PARTY PLAINTIFF**
*business as* **Merit Health River Region**

**V.**

**APP OF MISSISSIPPI ED, LLC**                          **THIRD-PARTY DEFENDANT**

### <u>ORDER</u>

Before the Court is APP of Mississippi ED, LLC's motion to dismiss the third-party complaint. Docket No. 16. On review, the motion will be denied.

### I.      Factual and Procedural History

In this action, Phillip Williams alleges that Emergency Department (ED) physicians at Merit Health River Region (Merit Health) violated the federal Emergency Medical Treatment and Labor Act (EMTALA), causing the death of Arabella Elvalouisa Williams. Docket No. 6.

Merit Health has responded with claims of its own against the physician group that staffed its ED. Specifically, in a third-party complaint, Merit Health alleges that APP of Mississippi ED, LLC (APP) was hired to provide medical services at Merit Health's ED. Docket No. 12. Pursuant to a written contract, Merit Health says, APP is obligated to defend and indemnify it from claims arising out of APP's services—such as this. *Id.*

APP has now entered its appearance to defend against the third-party complaint. Its motion seeks dismissal for the following reasons: (1) Merit Health failed to provide prior written notice of the claims now being asserted, (2) Merit Health's third-party complaint fails to state a plausible indemnity claim, and (3) Merit Health's common law indemnity claim is premature. Docket No. 17. Merit Health disagrees, Docket No. 18, and APP declined to reply.

## II.     Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A satisfactory complaint will "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

## III.     Discussion

APP first contends that Mississippi Code § 15-1-36(15) required Merit Health to provide pre-suit notice of Merit Health's indemnification claim. The statute provides, in relevant part, that "[n]o action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action." Miss. Code Ann. § 15-1-36(15).

2

"Statutory construction . . . is a holistic endeavor. A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme . . . ." *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988) (citations omitted).

Reading this statute in context suggests that the pre-suit notice requirement does not apply to contractual indemnification claims. Subsections (1) and (2) of the statute say that they apply to "claim[s] in tort." Miss. Code Ann. § 15-1-36(1)-(2). They apply a two-year statute of limitations to such claims in tort. *Id.* But Merit Health's claims are not claims in tort. Its causes of action are grounded in a written contract, subject as it is to a three-year statute of limitations. Read as a whole, nothing in § 15-1-36 suggests that the pre-suit notice requirement for claims in tort applies to contractual indemnification claims.

APP next contends that the third-party complaint fails to state a plausible claim. The third-party complaint, however, succinctly sets forth Merit Health's factual allegations, the existence of a contractual duty, the breach of that duty, and damages. That APP disputes Merit Health's factual allegations is irrelevant; the third-party complaint is sufficient under the applicable pleading standard.

This portion of APP's argument specifically urges that the common law indemnity claim fails. "Because the Amended Complaint alleges the concurrent negligence of [Merit Health] personnel and management/administration," it says, "there is no actionable claim against APP for common law indemnity." Docket No. 17 at 7. That argument is not ripe, however, as the Mississippi Supreme Court has held that "the determination of whether or not [implied] indemnity should be allowed must of necessity depend upon the facts of each case." *Cooley v. Pine Belt Oil Co.*, 334 So. 3d 118, 128 (Miss. 2022) (citation omitted). APP may re-urge this argument at the appropriate juncture.

3

APP then claims that "judgments on EMTALA claims do not generally give rise to indemnity rights." Docket No. 17 at 8 (citation omitted). That is what one court found in the context of common law indemnity being sought from individual physicians. *See Cisneros v. Metro Nashville Gen. Hosp.*, No. 3:11-804, 2013 WL 817243, at *2 (M.D. Tenn. Mar. 5, 2013). Other courts have seen it differently, though. *See McDougal v. LaFourche Hosp. Serv. Dist. No. 3*, No. CIV. A. 92-2006, 1993 WL 185647, at *1 (E.D. La. May 24, 1993). This Court declines to weigh in here, where there are EMTALA and negligence claims proceeding simultaneously, and both contractual and common law indemnity are being claimed.[1] Again, APP may re-urge this at the appropriate point in time, if necessary.

Lastly, APP argues that Merit Health's common law indemnity claim is premature because no judgment has issued on the plaintiff's underlying tort action. Yet "Rule 14(a) provides a means of circumventing 'the nature of indemnity which ordinarily imposes an obligation to reimburse another only after sustaining a loss.'" *Browning v. Boral Bricks, Inc.*, No. 2:11-CV-168-KS-MTP, 2012 WL 475929, at *2 (S.D. Miss. Feb. 13, 2012) (quoting *Travelers Ins. Co. v. Busy Elec. Co.*, 294 F.2d 139, 145 (5th Cir. 1961)). Under the Rules, Merit Health's third-party complaint may proceed.

## IV. Conclusion

The motion to dismiss is denied.

**SO ORDERED**, this the 18th day of November, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] The parties' indemnification contract specifically contemplates and includes EMTALA claims.